UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ R. RAMIREZ,<br><br>            Plaintiff,<br><br>     v.<br><br>REEVE-WOODS EYE CENTER,<br><br>            Defendant. | No.  13-cv-00429 JAM-EFB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

   Plaintiff Luz R. Ramirez ("Plaintiff") sued her former employer Defendant Reeve-Woods Eye Center's ("Defendant") for disability discrimination.  On May 7, 2014, Defendant moved for summary judgment on all of Plaintiff's claims (Doc. #18). Plaintiff opposes Defendant's motion (Doc. #20) and Defendant replied (Doc. #23).  A hearing was held on June 4, 2014.  At the hearing, the Court ordered the parties to submit further briefing on the issue of equitable tolling.  On June 10, 2014, Plaintiff filed her supplemental brief (Doc. #25) and Defendant responded on June 13, 2014 (Doc. #27).  For the reasons set forth below, the Court grants Defendant's Motion for Summary Judgment.
///

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff originally filed this action on March 1, 2013, against Defendant (Doc. #1).  Id.  In Plaintiff's complaint, Plaintiff alleges six causes of action: (1) termination in violation of public policy, (2) disability discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); (3) failure to engage in the interactive process; (4) failure to provide reasonable accommodation; (5) unlawful retaliation under FEHA; and (6) disability discrimination under Title I of the Americans with Disabilities Act of 1990 ("ADA").

Plaintiff worked for Defendant Reeve-Woods, a full service eye clinic, as a refracting ophthalmic technician from November 16, 2000, to November 25, 2011.  Pl.'s Resp. to Def.'s Statement of Undisputed Facts ("DSUF"), Doc. #21, ¶ 1.  Plaintiff saw an average of 35-40 patients per day.  Id. ¶ 3.  At the time of Plaintiff's disability in November of 2011, there were three technicians between the two offices and each had full patient schedules.  Id. ¶¶ 30-31.

Plaintiff has hypoglycemia.  Id. ¶ 5.  On November 15, 2011, Plaintiff presented a written confirmation of disability from Dr. Illa to Defendant.  Parties dispute when Defendant first learned about Plaintiff's hypoglycemia, whether Dr. Illa's note precluded Plaintiff from all work, and whether Plaintiff requested a reasonable accommodation.

November 15, 2011, was Plaintiff's last day of work.  Id. ¶ 13.  Defendant terminated Plaintiff by a letter dated November 25, 2011.  Id. ¶ 14.  Plaintiff has applied for and has received disability benefits, beginning in December 2011 or January 2012.

2

The benefits were exhausted in December 2012.  Plaintiff has applied for Social Security Disability Benefits.  Id. ¶ 25. Plaintiff applied for, but was denied, unemployment benefits. Id. ¶ 26.

## II.  OPINION

### A.  Legal Standard

The Federal Rules of Civil Procedure provide that "a court shall grant summary judgment if the movant shows there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by citing to particular parts in the record, or by showing that the materials cited do not establish the presence of a genuine dispute.  Fed. R. Civ. P. 56(c)(1)(A)-(B).  The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses."  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp., 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).  That burden may be met by "'showing'- that is, pointing out to the district court- that there is an absence of evidence to support the non moving party's case."  Fairbank v. Wunderman Cato Johnson, 212 F.3d 528,

3

1  531 (9th Cir. 2000) (quoting Celotex Corp., 477 U.S. at 325).  If
2  the moving party meets its burden with a properly supported
3  motion, the burden shifts to the opposing party.  Id.  The
4  opposition "may not rest upon the mere allegations or denials of
5  the adverse party's pleading," but must provide affidavits or
6  other sources of evidence that "set forth specific facts showing
7  that there is a genuine issue for trial."  Devereaux v. Abbey,
8  263 F.3d 1070, 1076 (9th Cir. 2001) (quoting Fed. R. Civ. P.
9  56(e)).  The adverse party must show that the fact in contention
10 is material and the issue is genuine.  Anderson v. Liberty Lobby,
11 Inc., 477 U.S. 242, 248 (1986).  A "material" fact is a fact that
12 might affect the outcome of the suit under governing law.  Id.  A
13 fact issue is "genuine" when the evidence is such that a
14 reasonable jury could return a verdict for the non-moving party.
15 Villiarmo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th
16 Cir. 2002).  However, uncorroborated and self-serving testimony
17 alone does not create a genuine issue of fact.  Id.  The Court
18 must view the facts and draw inferences in the manner most
19 favorable to the non-moving party.  Matsushita Elec. Indus. Co.
20 v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
21      The mere existence of a scintilla of evidence in support of
22 the non-moving party's position is insufficient: "There must be
23 evidence on which the jury could reasonably find for [the non-
24 moving party]."  Anderson, 477 U.S. at 252.  This Court thus
25 applies to either a defendant's or plaintiff's motion for summary
26 judgment the same standard as for a motion for directed verdict,
27 which is "whether the evidence presents a sufficient disagreement
28 to require submission to a jury or whether it is so one-sided

1  that one party must prevail as a matter of law." Id.

2      B.    <u>Evidentiary Objections</u>

3      Defendant objects to the Declaration of Ms. Rosie Ramirez
4  because it contradicts her deposition and the declaration is
5  conclusory. Doc. #23-2. However, for the reasons mentioned
6  below, the declaration is unnecessary for the determination of
7  this motion. Therefore, the Court need not address Defendant's
8  objections.

9      C.    <u>Discussion</u>

10         1.    <u>Exhaustion under FEHA and ADA</u>

11     Defendant moves to dismiss Plaintiff's second through sixth
12 causes of action, in part, because Plaintiff failed to exhaust
13 her administrative remedies under FEHA and the ADA. Plaintiff
14 contends that a copy of the right-to-sue notice from the
15 Department of Fair Employment and Housing ("DFEH") was reproduced
16 for Defendant and she has included a copy with her opposition.
17 <u>See</u> Ex. 2, attached to Decl. of Luz "Rosie" Ramirez, Doc. #22, at
18 1-2. In its reply, Defendant argues that Plaintiff filed her
19 administrative claim after the applicable limitation periods.

20             a.    <u>FEHA</u>

21     Exhaustion of administrative remedies is required before
22 initiating a private civil action under FEHA. <u>Rojo v. Kliger</u>, 52
23 Cal.3d 65, 83 (1990) (holding that "exhaustion of the FEHA
24 administrative remedy is a precondition to bringing a civil suit
25 *on a statutory cause of action*.") (emphasis in original). Under
26 California Government Code section 12960, "[n]o complaint may be
27 filed after the expiration of one year from the date upon which
28 the alleged unlawful practice or refusal to cooperate occurred,"

5

barring exceptions related to delayed discovery, which are not relevant in this case. Cal. Gov. Code § 12960(d). Any discriminatory acts that occurred more than one year prior to the filing of an administrative complaint with the DFEH are time-barred. Morgan v. Regents of Univ. of Cal., 88 Cal.App.4th 52, 63 (2000).

In this case, Plaintiff filed an administrative complaint with the DFEH on March 1, 2013, and she received a right-to-sue notice on March 1, 2013, because an immediate right-to-sue notice was requested. See Ex. 2, attached to Decl. of Luz Ramirez, Doc. #22, at 1-2. Defendant argues that the alleged unlawful practice occurred on November 15, 2011. Reply at 4-5. However, Plaintiff was terminated on November 25, 2011, which would be the date of the unlawful action. See Romano v. Rockwell Internat., Inc., 14 Cal.4th 479, 492 (1996) (noting that the date of employee's actual termination, rather than date he was told he would be terminated, triggered running of limitations period under FEHA). Based on her termination date, Plaintiff's last day to file her administrative complaint was November 25, 2012. Therefore, it is undisputed that Plaintiff submitted her charge to the DFEH after the one-year limitations period had expired.

During the June 4, 2014 hearing on this motion, Plaintiff claimed that Defendant's argument was raised in the reply and she consequently did not have the opportunity to argue equitable tolling. In her supplemental brief, Plaintiff argues that her claim should be equitably tolled under McDonald v. Antelope Valley Community College District, 45 Cal.4th 88 (2008), because the parties conducted reasonable and good faith negotiations

6

prior to filing her charge with the DFEH. In McDonald, the California Supreme Court held that when an employee voluntarily pursues a remedy through an internal administrative grievance procedure prior to filing a complaint under FEHA, the statute of limitations on her FEHA claim is subject to equitable tolling. Id. at 100-106

However, as Defendant argues, Plaintiff did not allege facts in support of equitable estoppel in her complaint. Because Plaintiff did not raise it in her pleadings, the Court may not consider this claim raised for the first time at summary judgment. See Wasco Prods. Inc. v. Southwall Techs., Inc., 435 F.3d 989, 992 (9th Cir. 2006) (stating that "federal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings; this rule applies even where the tolling argument is raised in opposition to summary judgment"); see also Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968 (9th Cir. 2006) (noting that plaintiff could not raise new factual allegations at summary judgment because allegations not included in the complaint failed to "give the defendant fair notice of what the plaintiff's claim [were] and the grounds upon which [they] rest[ed]," as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure).

Moreover, McDonald applies "[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one." McDonald, 45 Cal.4th at 100. For example, administrative internal grievance procedures would be an alternative legal remedy. Id. In this case, this principle of equitable tolling

does not apply because Plaintiff has not established that she had "several legal remedies." At most, Plaintiff claims that she engaged in preliminary settlement negotiations, which does not constitute a separate legal remedy.

Accordingly, Plaintiff's FEHA claims—the second, third, fourth, and fifth causes of action—are time barred.

### b. ADA

As with FEHA claims, exhaustion of administrative remedies is required under the ADA. Stiefel v. Bechtel Corp., 624 F.3d 1240, 1244 (9th Cir. 2010)(holding that ADA employment actions incorporate Title VII's exhaustion requirements). Under 42 U.S.C. § 2000e-5(e), a complainant must file a charge with the EEOC within 180 days of the last act of alleged discrimination, unless the complainant initially institutes proceedings with a state or local agency, in which case, the EEOC charge must be filed within 300 days. 42 U.S.C. § 2000e-5(e); see also Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir. 2000). Further, when a plaintiff is entitled to an EEOC right-to-sue letter, but only obtains a right-to-sue notice from the DFEH, the plaintiff may proceed with her ADA claim as if the EEOC letter were obtained. Stiefel, 624 F.3d 1240, 1244–45.

Plaintiff brought her discrimination claim with the DFEH, a state agency, and therefore, the 300-day time limit applies in this case. Three hundred days from November 25, 2011, is September 20, 2012. Because Plaintiff filed her administrative complaint on March 1, 2013, Plaintiff did not timely file under the ADA and was not entitled to an EEOC right-to-sue letter. Therefore, Plaintiff's sixth cause of action for disability

discrimination under Title I of the ADA is time barred. Furthermore, for the reasons mentioned above, equitable tolling does not apply.

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's second, third, fourth, fifth, and sixth causes of action.  In addition, the Court need not address Defendant's remaining arguments under Plaintiff's FEHA and ADA claims.

### 2. First Cause of Action

The only remaining cause of action is Plaintiff's first cause of action for termination in violation of public policy. Although Defendant moved for summary judgment on Plaintiff's first cause of action, in her opposition, Plaintiff does not address the merits of this claim.  Defendant argues that Plaintiff's first cause of action fails because Plaintiff has not identified a particular public policy and only makes vague references to FEHA and the ADA.  Defendant also argues that this claim fails because it is dependent on Plaintiff's statutory claims.

Under California common law, although "an at-will employee may be terminated for no reason, or for an arbitrary or irrational reason, there can be no right to terminate for an unlawful reason or a purpose that contravenes fundamental public policy." Dep't of Fair Employment & Hous. v. Lucent Technologies, Inc., 642 F.3d 728, 748-49 (9th Cir. 2011)(quoting Silo v. CHW Med. Found., 27 Cal.4th 1097 (2002)).  The elements for this tort are (1) the existence of a public policy and (2) a nexus between the public policy and an employee's termination.

9

1  Id. (citing Turner v. Anheuser-Busch, Inc., 7 Cal.4th 1238
2  (1994)).
3      The specific policy at issue in this case is unclear.
4  Compl. ¶¶ 7-9.  Although FEHA and the ADA are mentioned in the
5  complaint, Plaintiff generally alleges that "Plaintiff was
6  terminated . . . in violation of public policy and in violation
7  of Defendants' own policies and procedures" and "said public
8  policy is tethered to numerous statutes."  Compl. ¶¶ 8, 9.
9  Plaintiff also failed to clarify which policies are at issue in
10 her opposition.  Further, to the extent that Plaintiff's claim is
11 based on her statutory claims, it fails for the reasons mentioned
12 above.  See Stewart v. Boeing Co., CV 12-05621-RSWL-AGR, 2013 WL
13 6839370, at *8 (C.D. Cal. Dec. 23, 2013) ("Where courts have
14 granted summary judgment as to the plaintiff's FEHA claims, the
15 courts have concluded that summary judgment is appropriate on the
16 plaintiff's public policy claim.") (citations omitted).
17     Accordingly, the Court grants Defendant's Motion for Summary
18 Judgment as to Plaintiff's first cause of action.

20                          III.   ORDER
21     For the reasons set forth above, the Court grants
22 Defendant's Motion for Summary Judgment in its entirety.
23     IT IS SO ORDERED.
24 Dated: June 20, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE